CATHARINE WALL *vs.* PROVIDENT INSTITUTION FOR SAVINGS.

An administrator cannot maintain an action against a savings bank, in which his intestate has deposited money in trust for a third person, upon proof that the deposit was thus made for the purpose of securing it from attachment, unless there is also proof that the amount is needed for the payment of debts.

The administrator of one who has deposited money in a savings bank, upon terms and conditions set forth in the by-laws contained in the deposit book, one of which provides that "no persons shall receive any part of their principal or interest, without producing the original book," cannot maintain an action against the savings bank for such deposit,

without producing the book, or tendering, in lieu thereof, a satisfactory bond of indemnity.

If, in an action against a savings bank on an account annexed, for money deposited therein, it appears from the plaintiff's evidence that the deposit was made upon special terms and conditions, compliance with which was a condition precedent to a right of recovery by the depositor, the defendants may avail themselves of a want of compliance therewith, under an answer containing only general denials of the averments of the declaration.

Upon a bill of exceptions, no questions of pleading can be raised which were not raised at the trial.

CONTRACT on account annexed, containing one item for money deposited with the defendants by Michael Wall, the plaintiff's intestate, and one item for interest thereon. At the trial in the superior court, before *Russell*, J., a verdict was returned for the plaintiff, and the defendants alleged exceptions. The case is stated in the opinion.

*W. S. Dexter*, for the defendants.

*W. L. Burt*, for the plaintiff.

CHAPMAN, J. It appears by the report that Michael Wall, the plaintiff's intestate, deposited the money sued for with the defendants, " in trust for Margaret Wall," and signed the usual agreement of assent to the regulations and by-laws of the institution in trust for her, and took a deposit book in which the trust was stated. He afterwards gave the book to Margaret, and since his decease she has notified the defendants that she claims the money. But the plaintiff was allowed to prove that the money was in fact the property of Michael, and not of Margaret, and was deposited in the manner stated in order to secure it from attachment; and the jury were instructed that if it was his money, and was thus deposited to prevent it from being attached by his creditors, the plaintiff might recover.

This ruling was erroneous; for the law never permits a party to establish his title by proving his own fraudulent act. And when one disposes of his property for the purpose of hindering, delaying or defeating his creditors in the collection of their debts, the law will not aid him or his administrator in recovering it back, unless there is evidence that the administrator requires it for payment of debts.

It also appeared that the plaintiff had never produced to the defendants the deposit book, as the by-laws require depositors

to do, in order to be entitled to receive their money ; nor had she tendered to the defendants a bond of indemnity against the production of the book by other persons. Yet the jury were instructed that she might recover. This instruction was also erroneous. It enabled her to recover upon the contract of deposit, in violation of its terms. One of the by-laws provided that " no persons shall receive any part of their principal or interest without producing the original book, that such payments may be entered thereon." The instructions given treated this by-law as a nullity. Such a doctrine would annihilate not only savings banks, but contracts themselves. It is contrary to the elementary principle, that a party can recover upon a contract only in accordance with its terms.

It is contended that the ruling was correct upon the pleadings. The action is on an account annexed, for money had and received, and the answer is a mere denial of the allegations in the writ. It does not set forth the terms of the contract, and allege a failure to perform them. But upon these pleadings, it was necessary for the plaintiff to prove her allegations. In offering her evidence, she could do no otherwise than prove the contract as it actually existed. All the evidence in the case was put in by her. Thus she proved the special contract of deposit, with a condition precedent, not performed by her. So that the pleadings did not justify the ruling.

Besides ; the bill of exceptions states no question upon pleadings. If such questions are to be raised, it must be done in the court below, so that the party whose pleadings are objected to may have an opportunity to amend. In this court, nothing can be heard but the exceptions stated. No other part of the case is brought here. *Exceptions sustained.*